IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIFFANY BATISTE,

     *Plaintiff*,                          CASE NO.

v.

ALTRIA GROUP DISTRIBUTION
COMPANY,

     *Defendant*.

_____

## **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW Tiffany Batiste ("Plaintiff") and files this Complaint against Altria Group Distribution Company ("Defendant"), showing the Court as follows:

## **JURISDICTION AND VENUE**

### 1.

Plaintiff asserts claims under The Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §§ 12101, *et seq*., Pub. L. No. 110-325, 122 Stat. 3553 ("ADAAA"), The Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et. seq*. ("FMLA"), and other applicable federal statutes, regulations, and rules. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and §1337.

2.

Venue is appropriate in this judicial district under 28 U.S.C. § 1391.

3.

Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on July 6, 2021, a true and accurate copy of which is attached as <u>Exhibit A</u> and incorporated by reference.

4.

The EEOC issued a Notice of Right to Sue dated September 13, 2022, a true and accurate copy of which is attached as <u>Exhibit B</u>. This lawsuit was filed within ninety days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

5.

Plaintiff properly and timely exhausted all applicable administrative remedies and conditions precedent for seeking judicial relief.

## **<u>PARTIES</u>**

6.

Plaintiff is an individual who resides in Georgia.

7.

Plaintiff was formerly employed by Defendant at an office located within this judicial district.   The causes of action pled herein arise in connection with

Defendant's former employment of Plaintiff and its alleged employment practices within this judicial district.

8.

Defendant is a foreign corporation that maintains and transacts business in the state of Georgia.

9.

Defendant may be served with process upon its registered agent for service, Capitol Corporate Services, Inc., 3675 Crestwood Parkway NW, Suite 350, Duluth, Georgia, 30096.

10.

Defendant constitutes a person engaged in commerce or in an industry or activity affecting commerce who, at all relevant times, employed 50 or more employees within 75 miles. Defendant is covered by the FMLA.  At all times relevant, Plaintiff was an eligible employee under the FMLA.

11.

At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce.

## FACTUAL BACKGROUND

### 12.

Plaintiff began her employment with Altria Group Distribution Company ("Altria") as Territory Sales Manager on November 7, 2002.

### 13.

Plaintiff performed her job duties satisfactorily and was recognized as an asset to Altria's sales force.

### 14.

Defendant determined before hiring Plaintiff that she was fully qualified for her position as Territory Sales Manager.

### 15.

At all times relevant, Plaintiff was fully qualified for her job with Defendant.

### 16.

Defendant's annual performance appraisals of Plaintiff were favorable.

### 17.

During the time Plaintiff worked for Defendant, Defendant utilized an employee handbook that applied to Plaintiff (the "Handbook").

### 18.

Based upon information and belief, Defendant maintained a policy and practice of progressive discipline, espoused in its Handbook, pursuant to which

Defendant in the usual course of business would first verbally warn its employee of a deficiency in conduct or performance and provide the employee an opportunity to correct the problem; then, if necessary Defendant would impose a written form of discipline when the deficiency was not corrected by the employee after a verbal warning; then, Defendant would impose more severe discipline when the deficiency was not corrected by the employee after a written form of discipline.

19.

On September 4, 2020, Plaintiff suffered a serious condition of health which required her to take approved medical leave from Defendant.

20.

Plaintiff returned to work in late October 2020 while under the continuing care and treatment of her medical provider.

21.

Due to her ongoing health issues, Plaintiff was required to take additional leave in November 2020.

22.

In December 2020, Plaintiff suffered a second serious condition of health which required her to take additional medical leave from Defendant.

23.

Plaintiff returned to work on January 11, 2021 and continued medical treatment thereafter.

24.

Within two weeks of Plaintiff returning to work, she was notified that the company was conducting an investigation and she was suspended on or about February 25, 2021.

25.

On or about March 4, 2021, Plaintiff was notified that her employment was being terminated effective immediately.

26.

Plaintiff was under the care of her medical provider and eligible for additional medical leave related to her serious condition of health at the time of her termination.

27.

Defendant contends that Plaintiff was terminated for violating two company policies which are set forth in the company Employee Handbook.

28.

Specifically, Defendant contends that Plaintiff was terminated for violating the company's Workplace Conduct Policy and Managing Allegations Policy.

29.

Plaintiff is unaware of any alleged violations of either policy during her tenure with Defendant.

30.

Plaintiff was never warned, disciplined, or placed on notice of any such policy violations prior to her suspension and subsequent termination.

31.

There is nothing contained in Plaintiff's personnel file that would support the contention that she was terminated for violating company policies.

32.

Prior to terminating Plaintiff's employment, Defendant did not afford Plaintiff an opportunity to correct any deficiency in her job performance upon which it purportedly based its decision to terminate her employment and otherwise failed to follow its own Handbook, policy and procedure.

33.

Prior to terminating Plaintiff's employment, Defendant did not follow, and by terminating Plaintiff precluded her from following, the grievance procedure in its Handbook.

34.

Under the Handbook, Defendant could have imposed a less severe form of discipline than termination of Plaintiff's employment.

35.

Upon information and belief, Defendant historically has imposed less severe form of discipline than termination for employees who had not sought FMLA leave.

36.

Pursuant to the Handbook and/or Defendant's policy and customary employment practice, Defendant has used less severe forms of discipline than job termination (such as suspension, probationary action, and demotion) to discipline employees who had not sought FMLA leave for alleged unsatisfactory job performance.

37.

By not giving Plaintiff some form of discipline less severe than job termination (such as suspension, probationary action or demotion), Defendant treated Plaintiff differently and less favorably than it has treated employees who had not sought FMLA leave.

38.

Defendant's actual motivation in terminating Plaintiff's employment was not Plaintiff's job performance.

39.

Defendant's actual motivation in terminating Plaintiff's employment was not a legitimate, non-discriminatory and non-retaliatory motivation.

40.

Upon information and belief, after Defendant terminated Plaintiff's employment, Defendant employed an individual to perform Plaintiff's former job duties who had not sought medical leave.

41.

At the time of the adverse employment actions taken by Defendant against Plaintiff, Defendant knew that Plaintiff suffered from the impairments and conditions described above.  At all relevant times, Plaintiff's supervisors identified above acted within the scope of their employment and on behalf of Defendant.

## COUNT I: FMLA
### (Violation of the FMLA/ Interference with FMLA rights)

42.

Plaintiff incorporates herein all of the above paragraphs of her Complaint.

43.

Plaintiff is an eligible employee under the FMLA.

44.

At all relevant times, Plaintiff's above described conditions and impairments involved a period of incapacity combined with continuing treatment by a health care

provider, were chronic, and/or required multiple treatments by a health care provider. Plaintiff had a "serious health condition" within the meaning of the FMLA and applicable federal regulations.

45.

Plaintiff was entitled to take leave under the FMLA.

46.

Plaintiff gave notice to Defendant of her need and intention to take leave.

47.

Plaintiff was terminated while still eligible for FMLA leave.

48.

Plaintiff's taking leave played at least a motivating part in Defendant's decision to take adverse employment actions against Plaintiff.

49.

Defendant interfered with, restrained and/or denied the exercise or attempt to exercise by Plaintiff of rights under the FMLA, in violation of the FMLA. As a result of Defendant's violation of the FMLA, Plaintiff is entitled to recover, actual damages as allowed by the FMLA, liquidated damages, and her costs in prosecuting this action, including reasonable attorneys' fees.

50.

Plaintiff is entitled in the Court's discretion to injunctive and other equitable

relief available under the FMLA, or other applicable law, to remedy and enjoin Defendant's violations of the FMLA.

## COUNT II: FMLA
**(Discrimination/Retaliation for The Exercise of FMLA Rights)**

51.

Plaintiff incorporates herein all of the above paragraphs of her Complaint.

52.

Plaintiff engaged in statutorily protected activity under the FMLA.

53.

Plaintiff suffered adverse employment actions.

54.

Plaintiff's taking leave played at least a motivating part in Defendant's decision to take adverse employment actions against Plaintiff, including a disciplinary write up and termination of employment.

55.

Plaintiff was treated less favorably than an at least one employee who had not requested leave.

56.

A causal connection exists between the adverse employment actions above and Plaintiff's exercise of her FMLA rights.

57.

Defendant retaliated against Plaintiff as a result of Plaintiff's exercise or attempted exercise of rights under the FMLA and violated the FMLA.

58.

As a result of Defendant's violation of the FMLA, Plaintiff is entitled to recover, actual damages as allowed by the FMLA, liquidated damages, and her costs in prosecuting this action, including reasonable attorneys' fees.

59.

Plaintiff is entitled in the Court's discretion to injunctive and other equitable relief available under the FMLA, or other applicable law, to remedy and enjoin Defendant's violations of the FMLA.

**COUNT III: ADAAA**
**(Disability Discrimination)**

60.

Plaintiff incorporates herein by reference as if restated verbatim each paragraph of her Complaint.

61.

At all relevant times, Plaintiff was qualified for her job.

62.

At all times relevant, Plaintiff was a qualified individual with a disability, or

a record of a disability, within the meaning of the ADAAA and applicable regulations.

63.

At all times relevant, Defendant had notice and knew of Plaintiff's disability.

64.

At all times relevant, Plaintiff could perform the essential functions of her job with or without reasonable accommodation.

65.

Defendant failed to satisfy its duty under the ADAAA to engage in an interactive process to determine whether and how it might reasonably accommodate Plaintiff's disability.

66.

Defendant could have reasonably accommodated Plaintiff's disability without undue hardship.

67.

Plaintiff was unlawfully subjected to discrimination because of an actual disability or a record of a disability.

68.

At all relevant times, Defendant regarded Plaintiff as having an impairment

that was not transitory and minor and took action prohibited under the ADAAA by terminating Plaintiff's employment on that basis.

69.

Plaintiff was replaced or treated less favorably than other employees of Defendant who were not disabled or impaired.

70.

Plaintiff was subjected to adverse employment actions, including termination of employment, on account of her disability or Defendant's perceptions of impairments, or both.

71.

Defendant intentionally engaged in said discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.

72.

As a direct result of Defendant's discrimination in violation of the ADAAA retaliation, Plaintiff suffered and continues to suffer harm, including but not limited to a loss of income, benefits, prestige and promotional opportunities, as well as mental and emotional distress and other actual and compensatory damages, for which he is entitled to recover from Defendant in an amount to be determined by the enlightened conscience of the jury.

73.

Defendant's actions were willful, intentional, malicious, and conducted in bad faith with callous and/or reckless indifference to Plaintiff's federally-protected rights, thereby entitling Plaintiff to an award of punitive damages.

74.

Plaintiff is entitled to an award of costs, including reasonable attorneys' fees, as a result of Defendant's discrimination in violation of the ADAAA.

75.

Plaintiff is entitled, in the Court's discretion, to injunctive and other equitable relief to remedy and enjoin Defendant's violations of the ADAAA.

## COUNT IV: ADAAA
## (Retaliation)

76.

Plaintiff incorporates herein by reference as if restated verbatim each paragraph of her Complaint.

77.

By reporting, complaining of and opposing the discriminatory practices and treatment described above to Defendant, Plaintiff engaged in statutorily protected activity under the ADAAA.

78.

Defendant retaliated against Plaintiff by taking adverse employment actions, including termination of employment, against her in reprisal for statutorily protected activity.

79.

Defendant's adverse employment action and Plaintiff's statutorily protected activity were in close temporal proximity, were not wholly unrelated, and were causally linked.

80.

As a direct result of Defendant's retaliation in violation of the ADAAA, Plaintiff suffered and continues to suffer harm, including but not limited to a loss of income, benefits, prestige and promotional opportunities, as well as mental and emotional distress and other actual and compensatory damages, for which she is entitled to recover from Defendant in an amount to be determined by the enlightened conscience of the jury.

81.

Defendant's actions were willful, intentional, malicious, and conducted in bad faith with callous and/or reckless indifference to Plaintiff's federally-protected rights, thereby entitling Plaintiff to an award of punitive damages.

82.

Plaintiff is entitled to an award of costs, including reasonable attorneys' fees, as a result of Defendant's retaliation in violation of the ADAAA.

83.

Plaintiff is entitled, in the Court's discretion, to injunctive and other equitable relief to remedy and enjoin Defendant 's violations of the ADAAA.

WHEREFORE, Plaintiff prays:

(a) That the Court declare the Defendant's actions, policies, and practices alleged herein violated Plaintiff's federally protected rights;

(b) for an award of all actual, compensatory and special damages against Defendant, with prejudgment interest thereon, based on the evidence adduced at trial and as allowed by law for each of the causes of action set forth herein, including:

(1)   special damages for economic injuries as a consequence of Defendant's violations of Plaintiff's federally protected rights;

(2) compensatory damages for Plaintiff's pain and suffering, mental and emotional distress, anxiety, humiliation, outrage, loss of professional and personal reputation, as a consequence of Defendant's violations of her federally protected rights;

(3) all employee benefits of any type, or the equivalent value thereof, which the Plaintiff should have already received and is presently

entitled to receive and/or would receive in the future, but for Defendant's wrongful conduct as alleged herein;

(4) back pay and retroactive increases in compensation, plus pre and post-judgment interest thereon; and

(5) front pay until Plaintiff is reinstated to her position or assigned to an equivalent or other appropriate position; and

(6) liquidated damages.

(c) punitive damages as determined by the enlightened conscious of the jury;

(d) an assessment of costs of this action, including reasonable attorneys' fees;

(e) a trial by jury of all issues so triable; and

(f) all such other and further monetary and/or injunctive relief as allowed by law and/or deemed just and proper by the Court and/or the jury in this case based upon the causes of action set forth above and/or proven at trial.

Respectfully submitted this 12th day of December, 2022.

**THE LAW OFFICES OF**
**CURTIS J. MARTIN II**
By: /s/ Curtis J. Martin II
    Ga. Bar No. 427427

1800 Peachtree Street, N.W.
Suite 809
Atlanta, Georgia 30309
Phone: (404) 948-4404 Phone
Email: cjm@curtisjmartinlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Local Rule 7.1D, I certify that the foregoing **Complaint for Injunctive Relief and Damages** was prepared using Times New Roman 14 point font, a font and point selection approved by the Court in Local Rule 5.1B.

By: <u>/s/ Curtis J. Martin II</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2022 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile. Parties may access this filing through the Court's electronic filing system.

/s/ Curtis J. Martin II

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |
| | | and EEOC |

| State or local Agency, if any | | |
|---|---|---|

| Name (Indicate Mr., Ms., Mrs.) Mrs. Tiffany Batiste | Home Phone (Incl. Area Code) 2517533247 | Date of Birth 7/1/76 |
|---|---|---|

| Street Address 13810 Bethany Oaks Pointe | City, State and ZIP Code Alpharetta, Georgia 30004 | |
|---|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name Altria Group Distribution Company | No. Employees, Members >500 | Phone No. (Incl. Area Code) 8884472060 |
|---|---|---|

| Street Address 2325 Bells Road | City, State and ZIP Code Richmond, Virginia 23234 | |
|---|---|---|

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code | |
|---|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☒ OTHER (Specify) Violations of the Family Medical Leave Act and ADAA

DATE(S) DISCRIMINATION TOOK PLACE
Earliest 3/21   Latest 3/21

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s).):

Tiffany Batiste began her employment with Altria Group Distribution Company ("Altria") as Territory Sales Manager on November 7, 2002. Ms. Batiste performed her job duties satisfactorily and was recognized as an asset to Altria's sales force.

On September 4, 2020, Ms. Batiste suffered a serious condition of health which required her to take approved medical leave from Altria. Ms. Batiste returned to work in late October 2020 while under the continuing care and treatment of her medical provider. Due to her ongoing health issues, Ms. Batiste was required to take additional leave in November 2020.

In December 2020, Ms. Batiste suffered a second serious condition of health which required her to take additional medical leave from Altria. Ms. Batiste returned to work on January 11, 2021 and continued medical treatment thereafter. Within two weeks of Ms. Batiste returning to work, she was notified that the company was conducting an investigation and she was suspended on or about February 25, 2021. On or about March 4, 2021, Ms. Batiste was notified that her employment was being terminated effective immediately. Ms. Batiste was under the care of her medical provider and eligible for additional medical leave related to her serious condition of health at the time of her termination. Altria did not engage in the interactive process or provide Ms. Batiste with any reasonable accommodations which would allow her to perform her job duties while continuing her medical treatment.

HAZEL BEJARANO
NOTARY
EXPIRES
GEORGIA
July 10, 2023
PUBLIC
GWINNETT COUNTY

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 7/1/16   _____  Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | |

_____ and EEOC
State or local Agency, if any

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Altria contends that Ms. Batiste was terminated for violating two company policies which are set forth in the company Employee Handbook. Specifically, Altria contends that Ms. Batiste was terminated for violating the company's Workplace Conduct Policy and Managing Allegations Policy. Ms. Batiste is unaware of any alleged violations of either policy during her tenure with Altria. Ms. Batiste was never warned, disciplined, or placed on notice of any such policy violations prior to her suspension and subsequent termination. Moreover, there is nothing contained in Ms. Batiste's personnel file that would support the contention that she was terminated for violating company policies.

Ms. Batiste was allegedly terminated for violating a work rule which she did not violate, and her treatment was more severe than other employees who are not in a protected status or who sought medical leave. Based upon the foregoing, Ms. Batiste has viable claims for discrimination and retaliation in violation of Title VII, ADA, and FMLA.

HAZEL BEJARANO
NOTARY
EXPIRES
GEORGIA
July 10, 2023
PUBLIC
GWINNETT COUNTY

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT N/A |
| 7/1/16      Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) N/A |

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/13/2022

**To:** Mrs. Tiffany Batiste
13810 Bethany Oaks Pointe
Alpharetta, GA 30004
Charge No: 410-2021-05769

EEOC Representative and email:      Ralph Cooper
Sr. Federal Investigator
ralph.cooper@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2021-05769.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
09/13/2022

Darrell Graham
District Director

**Cc:**
Teri C Miles
Altria
6601 W BROAD ST
Richmond, VA 23230

Wood W Lay
O'Hagan Meyer PLLC
1355 GREENWOOD CLFS STE 100
Charlotte, NC 28204

Jacqueline Y Ferrell
O'Hagan Meyer
1355 GREENWOOD CLFS STE 100
Charlotte, NC 28204

Teri C Miles
PHILLIP MORRIS USA INC.
6601 West Broad Street
Richmond, VA 23230

Curtis J Martin
THE LAW OFFICES OF CURTIS J. MARTIN II
1800 Peachtree Street, N.W. Suite 809
Atlanta, GA 30309


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 410-2021-05769 to the District Director at Darrell Graham, 100 Alabama Street, SW Suite 4R30

Atlanta, GA 30303.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.